lml
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-40070-JAR |
| ) | |
| ) | |
| CHOUDHRY ZAFAR IQBAL, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Choudhry Iqbal's Motion to Dismiss for Destruction of Evidence (Doc. 38). The government opposes defendant's motion. The Court heard argument on June 23, 2011, and took the matter under advisement. After reviewing the parties' arguments and submissions, the Court is now prepared to rule. For the reasons stated below, the Court denies defendant's motion.

I. **Background**

On March 11, 2007, a fire occurred at the Kwik Stop owned and operated by Iqbal. At the time of the fire, the real property was insured by State Farm Insurance Company ("State Farm") and the business property was insured by Continental Western Insurance Company ("Continental"). On March 13 and 14, arson immunity letters were exchanged between the Topeka Fire Department ("TFD") and State Farm, requesting mutual exchange of investigative reports and other information relative to the fire.[1] On March 16, a report from the Kansas

---
[1] Ex. 400.

Bureau of Investigation ("KBI") was submitted, indicating that it found "[n]o suspicious ignitable liquids" in the samples that had been submitted to its laboratory for testing.[2] On March 20, Continental sent a letter to Investigator Alan Stahl with the TFD asking that it be notified prior to the destruction or release of any evidence retained in the investigation.[3] On March 21, Armstrong Forensic Laboratory, Inc. ("Armstrong Lab") submitted a report to State Farm opining that one of the samples that had been submitted to that lab contained gasoline.[4] On March 30, State Farm sent a copy of Armstrong Lab's report to Investigator Stahl.[5] On April 11, State Farm forwarded another Armstrong Lab report of its analysis to the TFD.[6]

Over two years later, on September 3, 2009, State Farm directed Armstrong Lab to destroy the evidence it was holding. State Farm's log states that it received an annual request from Armstrong Lab regarding storing evidence for an additional year, and sent the inquiry to T.M. Swailes and C.R. LaCerte for their input.[7] That same day, the log states that State Farm received a response back from C.R. LaCerte stating "no need to continue holding evidence as the authorities are not pursuing and individual was out of the country."[8] Upon inquiry from the government, LaCerte, who works for State Farm, confirmed that State Farm approved destruction of the samples held by Armstrong, and that the decision to do so was an internal one

---

[2]Ex. 401.

[3]Ex. 402.

[4]Ex. 403.

[5]Ex. 404.

[6]Ex. 405.

[7]Ex. 406.

[8]*Id.*

as it was not planning on pursuing subrogation or restitution.[9]

An Indictment was returned on June 30, 2010, charging defendant with arson of the Kwik Stop. On September 7, 2010, Investigator Stahl contacted State Farm and reported that a suspect had been charged in connection with the fire.[10]

## II.     Discussion

Defendant argues that in this case, the exculpatory significance of the Armstrong Lab evidence was apparent before it was destroyed. Prior to that time, the government had conflicting reports: Armstrong Lab indicated the fire was caused by an ignitable liquid, specifically gasoline, and the KBI stated the lab found no ignitable liquids. Given the conflicting reports, defendant contends it was apparent to the government prior to the evidence being destroyed that the samples tested by Armstrong Lab had, at least, potentially useful evidence and that the defense would want to conduct an independent test on those samples. Defendant argues that because the government will allege arson by incendiary means based on the Armstrong Lab test results, destruction of evidence related to this central issue of the cause of the fire requires dismissal of the charges against Iqbal.

Defendant cites in support of dismissal *United States v. Bohl*,[11] where the Tenth Circuit explained the two-part test for determining whether the government's destruction or loss of evidence prior to a criminal trial violates a defendant's right to due process: 1) whether it destroys evidence whose exculpatory significance is "apparent before" destruction; and 2) the

---

[9] Ex. 1.

[10] Ex. 406.

[11] 25 F.3d 904 (10th Cir. 1994).

defendant remains unable to "obtain comparable evidence by other reasonably available means."[12] The court also explained that if the exculpatory value of the evidence is indeterminate and all that can be confirmed is that the evidence was "potentially useful" for the defense, then a defendant must show that the government acted in bad faith in destroying the evidence.[13]

Ordinarily, the Court would first determine which test governs its analysis of defendant's due process challenge. In this case, however, it is clear that neither applies, as the Armstrong Lab evidence was not in the possession of or destroyed by the government but rather, State Farm. Moreover, even if the government had any involvement in the destruction of the evidence, it had no "apparent" exculpatory value at the time it was destroyed, as the sample was not exculpatory without further testing. While the sample may have been "potentially useful," there is no evidence of bad faith by the government or State Farm.[14] Indeed, the sample was destroyed approximately nine months before defendant was charged with arson and one year before Investigator Stahl contacted State Farm to report that a suspect had been charged. Accordingly, the Court finds no Due Process rights are implicated, and defendant's motion to dismiss is denied.

As the Court explained at the hearing, however, it has concerns about the government's intent to introduce evidence about the Armstrong Lab results without providing samples for defendant to test independently. As the government conceded at the hearing, there are different responses from the labs that conducted testing on the fire debris—the KBI test did not indicate

---

[12]*Id.* at 909-10 (citing *California v. Trombetta*, 467 U.S. 479, 489 (1984)).

[13]*Id.* (citing *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988)).

[14]*Id.* at 911 ("Our inquiry into bad faith must necessarily turn on the [police officer's] knowledge of the exculpatory value of the evidence at the time it was lost or destroyed.").

4

any incendiary material, while the Armstrong Lab tested positive. The government further conceded that the dog used by Fire Consulting International alerted positively to samples that tested negative for ignitable fluids, and that the dog used by the TFD did not indicate positively for the area from where the samples were taken. Thus, it appears to the Court that the Armstrong Lab report is critical evidence, and defendant should have been afforded the opportunity to test it. Defendant urges that, under the circumstances, it is insufficient that the defense has been provided copies of the reports and photos and will have the opportunity to cross-examine the persons who conducted the tests. Because there is no motion *in limine* before it, however, the Court defers ruling on whether the Armstrong Lab evidence should be excluded as unfairly prejudicial under Fed. R. Evid. 403, until defendant files such a motion and submissions in support. Although motions *in limine* are generally filed seven (7) days before trial,[15] the Court encourages defendant to file any such motion as soon as practicable, as its ruling will likely impact the course of trial.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's Motion to Dismiss for Destruction of Evidence (Doc. 38) is DENIED.

**IT IS SO ORDERED.**

Dated: July 1, 2011

                                              S/ Julie A. Robinson
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE

---

[15]*See* Doc. 5.